John Randall BEAM, Individually and As Next Friend of John Randall Beam, Jr.; and John Randall Beam, Jr., Individually, Appellants,

v.

A.H. CHANEY, INC.; L.H. Chaney Materials, Inc.; L.F. Chaney & Sons, Inc.; Chaney & Assoc., Inc.; Chaney & Stinnett Truck Leasing, Inc.; C.S.C. Drivers Services, Inc.; and McRyan Hauling, Inc., Appellees.

No. 2–00–157–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 27, 2001.

Rehearing Overruled Nov. 1, 2001.

Jeffrey H. Kobs, Fort Worth, for Appellant.

Fulbright & Jaworski and Reagan W. Simpson, Houston, for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

## INTRODUCTION

Appellants John Randall Beam, individually and as next friend of John Randall Beam, Jr., and John Randall Beam, Jr., individually, complain about the trial court's admission of testimony from eyewitness Alan Baker and expert witness Leonard Vaughan and the admission of an exhibit used by Vaughan. We affirm.

## BACKGROUND

At approximately 8:00 a.m. on February 17, 1998, John Randall Beam, Jr. ("Beam") was injured in a one-car accident on State Highway 114 near the entrance to Chaney Trucking Company. Beam lost control of the pickup he was driving, slammed into a tree and then into a retaining wall.

Appellants sued appellees, alleging that the accident was caused by a large accumulation of mud and dirt deposited on the highway by appellees' trucking companies. The jury found that Beam's negligence caused the accident, and the trial court rendered a take-nothing judgment.

## FACT WITNESS

Appellants raise six issues challenging the admission of eyewitness Alan Baker's testimony. In their first five issues, appellants assert that appellees failed to properly designate Baker as a person with knowledge of relevant facts, that the trial court erred in admitting his testimony over their objection because there was no showing of good cause or lack of surprise or prejudice, and that the admission of his testimony was harmful. In their sixth issue, appellants contend the trial court erred by denying their motion for new trial based on newly discovered evidence concerning Baker's testimony.

A party may obtain discovery of the name, address, and telephone number of persons with knowledge of relevant facts, and a brief statement of each identified person's connection with the case. Tex.R. Civ. P. 192.3(c); 194.2(e). When responding to written discovery, a party must make a complete response, and must amend or supplement the response if it later learns that the response is no longer complete and correct. Tex.R. Civ. P. 193.1, .5(a). A party who fails to disclose information concerning a nonparty witness in response to a discovery request may not offer the witness's testimony unless the court finds that there was good cause for the failure to timely make, amend, or supplement the discovery response or the failure to make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. Tex.R. Civ. P. 193.6(a).

Appellants served appellees with interrogatories and requests for disclosure, both seeking the discovery of persons with knowledge of relevant facts. Tex.R. Civ. P. 194.2(e), 197. Appellants' interrogatories sought the "name, address, and telephone number of each person, including experts, having any knowledge of relevant facts

relating to the accident which is the basis of this lawsuit, the cause thereof or the damages resulting therefrom." Appellees did not disclose Baker's name in either their original or supplemental interrogatory responses. In their request for disclosures, appellants asked for the "name, address, and telephone number of persons having knowledge of relevant facts, and brief statement of each identified person's connection with this case." Appellees' response concerning Baker stated only: "Alan Baker, address unknown, 940/627–4255," and that response was never amended prior to trial.

Appellees contend that even though their response gave neither Baker's address nor his connection to the case, the response was merely inadequate and did not invoke the automatic exclusion penalty because they provided sufficient information for appellants to locate Baker. They also claim that rule 193.6 allows exclusion of a witness only on the ground that the offering party did not timely "identify" the witness in discovery responses; therefore, because they provided Baker's name and telephone number, they argue that they adequately identified Baker and his testimony was properly admitted. *See* Tex.R. Civ. P. 193.6.

■ We disagree. Rules 192.3(c) and 194.2(e) placed the affirmative obligation on appellees to provide not only Baker's name, address, and telephone number, but also his connection to the case. Appellees wholly failed to provide this information, even though it was obviously available to them because they called Baker to testify at trial. *See Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671–72 (Tex.1990) (stating that party has no duty to remind another party to abide by the rules of civil procedure); *Vingcard A.S. v. Merrimac Hospitality Sys., Inc.*, No. 2–00–132–CV, slip op. at 14–15, 2001 WL 897172, at *5 (Tex.App.—Fort Worth Aug. 9, 2001, no

pet. h.) (holding partial discovery response that failed to provide all information requested amounted to complete failure to answer, warranting automatic exclusion of expert's testimony as to omitted information).

Furthermore, appellees' characterization of rule 193 as not requiring exclusion of a witness because of a failure to describe the witness's connection to the case in response to a discovery request if the witness has been otherwise identified by name and telephone number would render the revisions to the discovery rules meaningless. Former rule 166b allowed parties to discover "the identity and location (name, address and telephone number) of ... persons having knowledge of relevant facts." Tex.R. Civ. P. 166b(2)(d), 661–662 S.W.2d XLVI–XLVII (1984, repealed 1998). Current rule 192.3(c) entitles a party to more information that its predecessor rule 166b. Under rule 192.3(c), "[a] party may obtain discovery of the name, address, and telephone number of persons having knowledge of relevant facts, *and a brief statement of each identified person's connection with the case.*" Tex.R. Civ. P. 192.3(c) (emphasis added).

■ We are to construe the rules of civil procedure liberally in order "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants." Tex.R. Civ. P. 1. This liberal construction does not require us to ignore the plain language of a rule, however, as appellees urge us to do. If parties were permitted to continue to identify persons with knowledge of relevant facts, without describing their connection to the case, then the new requirement would not have been included in the revised rule. We assume that the new "connection with the case" requirement was included for a reason, and that there are consequences resulting from failure to comply with it.

Indeed, the facts of this case demonstrate the type of gamesmanship we believe the new requirement was intended to address. Appellees identified thirty-six persons with knowledge of relevant facts and identified five of them as eyewitnesses to the accident. Baker was not identified as one of the eyewitnesses. Appellants deposed the five people identified as eyewitnesses. However, the only eyewitness appellees called at trial was Baker, whose connection to the case was never disclosed to appellants despite their outstanding discovery requests to obtain this information.

Appellees' failure to inform appellants of Baker's connection to the case, absent a showing of good cause or lack of surprise or prejudice, triggers the automatic exclusion sanctions of rule 193.6. Appellees made no attempt to establish good cause, lack of surprise, or prejudice. We conclude appellees failed to provide disclosures and interrogatory answers in accordance with rules 192.3(c), 194.2(e) & 197. Consequently, we hold that the trial court erred by admitting Baker's testimony.

■ To obtain reversal of a judgment based upon an error in the trial court, the appellant must show: (1) there was, in fact, error; and (2) the error probably caused rendition of an improper judgment in the case, or probably prevented the appellant from properly presenting the case to the appellate court. TEX. R. APP. P. 44.1(a); *In re D.I.B.*, 988 S.W.2d 753, 756 n. 10 (Tex.1999); *Tex. Dep't of Human Servs. v. White*, 817 S.W.2d 62, 63 (Tex. 1991). We will not reverse a trial court for an erroneous evidentiary ruling unless the ruling probably caused the rendition of an improper judgment. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998) (applying TEX.R.APP. P. 44.1). The complaining party must show the whole case turned on the evidence at issue. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex.1995). We exam-ine the entire record in making this determination. *Jamail v. Anchor Mortgage Servs., Inc.*, 809 S.W.2d 221, 223 (Tex. 1991).

■ Baker, who was called by appellees to testify on the last day of trial, testified that he witnessed the accident and Beam was driving in excess of the speed limit when the accident occurred. Baker also testified that he saw no accumulations of mud on the highway, but he did not examine the road for mud.

It was raining on the morning of the accident, and the accident occurred in a construction zone marked with a "Slippery When Wet" sign. The official report of the Department of Public Safety officers who investigated the accident listed the sole cause of the accident as "Speeding—Unsafe (Under Limit)." Another motorist testified that Beam's pickup passed him moments before the accident. The motorist testified that he had his pick-up floored at the time, and his pickup would not go over 70 to 75 miles per hour. On cross-examination, Beam's accident reconstruction expert testified that Beam was traveling 69.8 miles per hour when the accident occurred.

The DPS officers testified that there was a thin film of mud on the road surface, but it was so thin that the soles of their shoes hit the asphalt road surface. Dale Chaney testified that the roadway had only a wet dirty film on it, but no mud. Beam's expert, Gary Jackson, did not see mud on the roadway in a series of photographs taken on the day of the accident.

We hold that the admission of Baker's testimony was harmless because it was cumulative of other properly admitted evidence. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 230 (Tex.1990). There was evidence that regardless of whether Beam was exceeding the speed limit, he was driving too fast for the road conditions

that day. There was also evidence from witnesses other than Baker that mud on the roadway did not cause the accident. We overrule issues one through five.

At trial, Baker testified that Beam was driving "in excess of the speed limit. There was no doubt about that." After trial, Baker signed an affidavit, which was attached to appellants' motion for new trial, stating:

> At the time the boys passed me I was going 60 mph. They passed me in a legal passing zone and passed me legally. I can't testify that the boys were going over the speed limit of 70 mph when they passed me, and I don't know how fast they were going when they left the roadway.

Appellants contend that the trial court erred by denying their motion for new trial based on this newly discovered conflicting evidence.

■ To be entitled to a new trial based on newly discovered evidence, the movant must show that the evidence has been discovered since trial, it is not owing to the want of due diligence that the evidence was not discovered sooner, the evidence is not cumulative, and the evidence is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). Appellants cannot make this showing.

■ Evidence that Baker did not know whether Beam was driving over 70 miles per hour immediately prior to the accident would not probably produce a different result if a new trial were granted because there was other evidence that Beam was driving within the speed limit when the accident occurred, albeit too fast for the road conditions. We hold that the trial court did not abuse its discretion by denying appellants' motion for new trial. We overrule issue six.

**CONSULTING EXPERT**

■ Appellants raise three issues challenging the admission of expert witness Leonard Vaughan's testimony and the admission of exhibit four, which was used by Vaughan during his testimony. In issues seven and eight, appellants assert that the trial court erred by admitting Vaughan's testimony because they claim Vaughan relied on the opinions of a consulting expert who was not designated by appellees in response to proper discovery requests. In issue nine they contend that the admission of Vaughan's testimony was harmful.

Vaughan was appellees' accident reconstruction expert. He and an employee of his engineering firm, Arty Hudson, surveyed the accident site using a surveyor's transit. Vaughan located the equipment at the specific points he wanted to measure. Hudson read the measurements with a laser transit and recorded the data. When they returned to the office, the measurements were plugged into a standard computer program that was used to create exhibit four, a scaled map of the scene, which allowed Vaughan to calculate the distances he had observed at the scene.

A party may discover the identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have been reviewed by a testifying expert. Tex.R. Civ. P. 192.3(e). Appellants argue that because Hudson was a consulting expert upon whose opinions Vaughan relied, he should have been designated as a consulting expert. We disagree.

The evidence shows that Hudson simply recorded transit readings that were used to create a diagram. Vaughan testified that he did not rely on any impressions or opinions other than his own. There is no evidence in the record that Hudson formed opinions or mental impressions concerning this case or that in any other way could be

characterized as a consulting expert. Instead, Hudson simply functioned as Vaughan's assistant while Vaughan surveyed the scene. We overrule issues seven and eight.

Because the trial court did not err by admitting Vaughan's testimony or exhibit four, we need not address issue nine alleging admission of that evidence was harmful.

## CONCLUSION

Having overruled each of appellants' issues, we affirm the trial court's judgment.