# MEMORANDUM OPINION

No. 04-07-00426-CV

Austin **WALKER**,
Appellant

v.

Mark Anthony **VERNON**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-06225
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Alma L. López, Chief Justice

Sitting:        Alma L. López, Chief Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   June 18, 2008

AFFIRMED

Austin Walker appeals the trial court's judgment awarding Mark Vernon $396,528.07 in damages for injuries resulting from an automobile accident. Walker contends the trial court erred by admitting the testimony of two witnesses who were not properly disclosed in discovery responses. We affirm the trial court's judgment.

A party who fails to make, amend or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed or offer the testimony of a witness who was not timely identified, unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a). The burden of establishing good cause or lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. TEX. R. CIV. P. 193.6(b). A finding of good cause or the lack of unfair surprise or prejudice must be supported by the record. *Id.* A trial court's determination of whether the offering party met the burden of establishing good cause or the lack of unfair surprise or prejudice is reviewed under an abuse of discretion standard. *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992).

1.      *Dr. Frank Kuwamura III*

Walker asserts the trial court erred in admitting Dr. Kuwamura's testimony regarding Vernon's future medical treatment and expenses. The jury awarded Vernon $248,536.00 for future medical expenses.

Although Vernon disclosed Dr. Kuwamura as an expert witness, the only information provided in the discovery response other than Dr. Kuwamura's contact information was the following statement, "Dr. Kuwamura is Plaintiff's treating physician for injuries sustained in automobile accident." For a testifying expert, however, the rules require the disclosure of "the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them." TEX. R. CIV. P. 194.2.

In response to Walker's objection to the admissibility of Dr. Kuwamura's testimony, Vernon's attorney informed the trial court that the medical records had been provided and Walker's attorney had deposed Dr. Kuwamura at length. The record establishes that Dr. Kuwamura was identified as an expert witness nineteen months before trial, and Walker's attorney deposed Dr. Kuwamura before trial. In his deposition, Dr. Kuwamura testified that Vernon was a candidate for surgery and described the type of surgery he was recommending; therefore, Walker knew the general substance of Dr. Kuwamura's mental impressions and opinions. Accordingly, the record supports the trial court's implied finding that there was no unfair surprise in the admission of Dr. Kuwamura's testimony, and the trial court did not abuse its discretion in permitting him to testify. *See Montemayor v. Ortiz*, 208 S.W.3d 627, 664 (Tex. App.—Corpus Christi 2006, pet. denied) (concluding record supported lack of surprise where witness had been deposed); *Garza v. Perez*, No. 04-04-00224-CV, 2005 WL 1750100, at \*3 (Tex. App.—San Antonio July 27, 2005, pet. denied) (holding no abuse of discretion in admitting testimony of witnesses who were identified more than twenty months prior to trial and who were deposed before trial).

2.      *Officer Thomas Vitacco*

Walker next contends that the trial court erred in admitting the testimony of Officer Thomas Vitacco because Vernon's discovery responses failed to disclose his connection to the case. TEX. R. CIV. P. 194.2(e) (requiring disclosure of identified person's connection with the case for persons having knowledge of relevant facts). In his discovery responses, Vernon identified Officer Vitacco as both a person having knowledge of relevant facts and as an expert witness. The response provided the following information:

Officer Joseph Petrash
Officer Thomas Vitacco
Custodian of Records for
Alamo Heights Police Department
6116 Broadway
Alamo Heights, Texas 78209
(210) 822-2164

Officer Petrash was the reporting officer for the automobile accident.

Officer Vitacco was first identified in a supplemental discovery response approximately three months before trial. After Walker's attorney objected to Officer Vitacco's testimony, Vernon's attorney informed the trial court that the police report for the accident did not refer to Officer Vitacco. While preparing for trial, Vernon's attorney discovered that Officer Vitacco was a second investigating officer. Vernon then supplemented his discovery response to disclose Officer Vitacco's identity and requested Officer Vitacco's report and the videotape of Officer Vitacco arresting Walker for driving while intoxicated. Walker was served with Officer Vitacco's report shortly after Vernon's attorney received the report and approximately thirty days before trial. The videotape of Walker's field sobriety test and arrest was not produced by Officer Vitacco until the day of trial. The trial court ruled that Officer Vitacco could testify as a fact witness but not as an expert witness.

Although Walker argues that the discovery response identified Officer Vitacco as the custodian of records, the trial court did not abuse its discretion in determining that the discovery response identified three individuals: (1) Officer Petrash; (2) Officer Vitacco; and (3) the custodian of records. Furthermore, the trial court did not abuse its discretion in finding that the failure to expressly state that Officer Vitacco was a second investigating officer did not unfairly surprise Walker, and the record supports that finding. Officer Vitacco was identified as a person with

knowledge of relevant facts four months before trial, and his report was provided thirty days prior to trial. Finally, even if the trial court had erred in admitting Officer Vitacco's testimony, the error would have been harmless. During his testimony, Walker was questioned about the statement in the police report that he had thirteen shots of tequila the night before the accident, so that evidence was already before the jury. Walker testified that a second officer arrived at the scene of the accident and administered a field sobriety test. Finally, Walker admitted that he was put in the back of a police car but denied failing the field sobriety test. Therefore, most of the evidence admitted through Officer Vitacco's testimony and the videotape of his investigation was previously admitted through Walker's own testimony, particularly the evidence that Walker was arrested for driving while intoxicated at the scene of the accident. More importantly for purposes of the issues presented to the jury, Walker admitted that he failed to yield to oncoming traffic when he turned in front of Vernon, and Officer Petrash testified that, in his expert opinion, Walker was at fault in the accident for failing to yield the right-of-way. *See Beam v. A.H. Chaney, Inc.*, 56 S.W.3d 920, 923-25 (Tex. App.—Fort Worth 2001, pet. denied) (holding erroneous admission of testimony of witness whose connection to case was not identified was harmless where complaining party failed to show the entire case turned on the evidence at issue).

The trial court's judgment is affirmed.

Alma L. López, Chief Justice