

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-251-CV

JOHN ROBERT WHITE                                                    APPELLANT

V.

TONI MARIE PEREZ                                                      APPELLEE

------------

FROM THE 322nd DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant John Robert White sued Appellee Toni Marie Perez for divorce, alleging that the two had been common law married.  After the case was called for trial, the trial court entered a final order finding that White had failed to sustain his burden of establishing a common law marriage and ordering White's claims dismissed.  In two issues, White complains that the trial court erred and

---

[1]... *See* Tex. R. App. P. 47.4.

abused its discretion by excluding evidence based on his failure to answer interrogatories because Perez waived this sanction and because lesser sanctions were available. We will affirm.

After White sued Perez for divorce, Perez served interrogatories on him. Two of the interrogatories sought a list of "all times, dates and places that you claim or allege that you and Respondent agreed to be married" and of "all times, dates and places that you claim or allege that you or Respondent represented to others that you were married." When White failed to timely respond to the interrogatories, Perez's attorney called White's attorney to remind him of the due date and to inquire when answers might be forthcoming. On Friday, April 25, 2008, three days before the case was set for trial on Tuesday, April 28, 2008, and three months after the interrogatory answers were due, White served on Perez unsworn, unsigned answers to the interrogatories.

At trial, White attempted to offer information into evidence concerning the parties' alleged common law marriage that would have been disclosed had he answered the interrogatories, and Perez objected to the evidence on this basis. White did not attempt to show good cause for his failure to respond to the interrogatories. The trial court sustained Perez's objection to the common law marriage evidence; on Perez's motion, the trial court granted a directed

2

verdict for her because no admissible evidence existed that the couple was common law married.

In his two issues on appeal, White claims that Perez waived her request for a discovery sanction because she did not file a motion for sanctions or obtain a hearing on such a motion before trial. White also claims that the trial court's death penalty sanction for the failure to timely serve interrogatory answers was unjust because a lesser sanction would have been proper. Texas Rule of Civil Procedure 193.6 provides that a party failing to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed unless the court finds good cause for the failure to timely make, amend, or supplement the discovery response or that the failure will not unfairly surprise or prejudice the other parties. Tex. R. Civ. P. 193.6. It is presumed that an amended or supplemental response made less than thirty days before trial was not made reasonably promptly. Tex. R. Civ. P. 193.5(b). Because rule 193.6's exclusion provision is automatic, no motion for sanctions or motion to compel is required to trigger its application. *See F & H Invs., Inc. v. State*, 55 S.W.3d 663, 670 (Tex. App.—Waco 2001, no pet.) (holding rule 193.6's exclusionary sanction is automatic and does not require motion to compel); *see also Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (recognizing

3

rule 193.6's exclusionary sanction is automatic unless one of the rule's exceptions applies).  To escape rule 193.6's automatic exclusion provision, the burden is on the party seeking to admit the evidence to establish good cause or the lack of unfair surprise or unfair prejudice.  *See Harris County v. Inter Nos, Ltd.*, 199 S.W.3d 363, 368 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex. 1989) (analyzing former rule).  Here, White's evidence that should have been provided in his interrogatory answers was properly and automatically excluded in light of his failure to attempt to establish good cause.[2]  We overrule White's first issue.

Likewise, because rule 193.6's sanction is automatic in the absence of a showing of good cause or lack of prejudice and is not discretionary with the trial court, the trial court's imposition of the required sanction is not reviewed under a *TransAmerican* death penalty sanction analysis.  *See, e.g., TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (explaining that discretionary sanctions imposed by trial court to punish discovery abuse must be just; the sanction imposed must be directed against the abuse and toward remedying the prejudice caused to the innocent party, and the sanction must be no more severe than to satisfy its legitimate purposes); *see also Didur-Jones v. Family Dollar*, No. 02-09-00069-CV, 2009

---

[2] White does not dispute that the excluded evidence was information sought in the interrogatories propounded by Perez.

4

WL 3937477, at *3 (Tex. App.—Fort Worth Nov. 19, 2009, pet. filed) (mem. op.) (holding "the cautionary factors set out in *TransAmerican Natural Gas Corp.* apply to discretionary sanctions, not to the automatic sanctions under rule 193.6"). Instead, under rule 193.6, the trial court possesses no discretion; it must exclude evidence not timely provided, amended, or supplemented in response to a discovery request in the absence of evidence showing good cause for the failure to respond or the lack of prejudice to the party opposing admission of the evidence. *See, e.g., Beam v. A.H. Chaney, Inc.*, 56 S.W.3d 920, 924 (Tex. App.—Fort Worth 2001, pet. denied) (reversing case because trial court failed to apply the automatic exclusion of rule 193.6 even when no attempt was made to show good cause, lack of surprise, or prejudice by non-answering party); *see also Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297–98 (Tex. 1986) (analyzing former rule). Because a *TransAmerican* analysis does not apply to evidence excluded pursuant to rule 193.6, we overrule White's second issue.

Having overruled both of White's issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: January 7, 2010