COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-251-CV

 

 

JOHN ROBERT WHITE                                                          APPELLANT

 

                                                   V.

 

TONI MARIE PEREZ                                                                APPELLEE

 

                                              ------------

 

           FROM
THE 322nd DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
John Robert White sued Appellee Toni Marie Perez for divorce, alleging that the
two had been common law married.  After
the case was called for trial, the trial court entered a final order finding
that White had failed to sustain his burden of establishing a common law
marriage and ordering White=s claims
dismissed.  In two issues, White
complains that the trial court erred and abused its discretion by excluding
evidence based on his failure to answer interrogatories because Perez waived
this sanction and because lesser sanctions were available.  We will affirm.

After
White sued Perez for divorce, Perez served interrogatories on him.  Two of the interrogatories sought a list of Aall
times, dates and places that you claim or allege that you and Respondent agreed
to be married@ and of Aall
times, dates and places that you claim or allege that you or Respondent
represented to others that you were married.@   When White failed to timely respond to the
interrogatories, Perez=s attorney called White=s
attorney to remind him of the due date and to inquire when answers might be
forthcoming.  On Friday, April 25, 2008,
three days before the case was set for trial on Tuesday, April 28, 2008, and
three months after the interrogatory answers were due, White served on Perez
unsworn, unsigned answers to the interrogatories.








At
trial, White attempted to offer information into evidence concerning the
parties= alleged
common law marriage that would have been disclosed had he answered the
interrogatories, and Perez objected to the evidence on this basis.  White did not attempt to show good cause for
his failure to respond to the interrogatories. 
The trial court sustained Perez=s
objection to the common law marriage evidence; on Perez=s
motion, the trial court granted a directed verdict for her because no
admissible evidence existed that the couple was common law married.








In his
two issues on appeal, White claims that Perez waived her request for a discovery
sanction because she did not file a motion for sanctions or obtain a hearing on
such a motion before trial.  White also
claims that the trial court=s death
penalty sanction for the failure to timely serve interrogatory answers was
unjust because a lesser sanction would have been proper.  Texas Rule of Civil Procedure 193.6 provides
that a party failing to make, amend, or supplement a discovery response in a
timely manner may not introduce in evidence the material or information that
was not timely disclosed unless the court finds good cause for the failure to
timely make, amend, or supplement the discovery response or that the failure
will not unfairly surprise or prejudice the other parties.  Tex. R. Civ. P. 193.6.  It is presumed that an amended or
supplemental response made less than thirty days before trial was not made
reasonably promptly.  Tex. R. Civ. P.
193.5(b).  Because rule 193.6=s
exclusion provision is automatic, no motion for sanctions or motion to compel
is required to trigger its application.  See
F & H Invs., Inc. v. State, 55 S.W.3d 663, 670 (Tex. App.CWaco
2001, no pet.) (holding rule 193.6=s
exclusionary sanction is automatic and does not require motion to compel); see
also Fort Brown Villas III Condo. Ass=n v.
Gillenwater, 285 S.W.3d 879, 881 (Tex. 2009) (recognizing
rule 193.6=s exclusionary sanction is
automatic unless one of the rule=s
exceptions applies).  To escape rule
193.6=s
automatic exclusion provision, the burden is on the party seeking to admit the
evidence to establish good cause or the lack of unfair surprise or unfair
prejudice.  See Harris County v. Inter
Nos, Ltd., 199 S.W.3d 363, 368 (Tex. App.CHouston
[1st Dist.] 2006, no pet.); see also Gee v. Liberty Mut. Fire Ins. Co.,
765 S.W.2d 394, 395 (Tex. 1989) (analyzing former rule).  Here, White=s
evidence that should have been provided in his interrogatory answers was
properly and automatically excluded in light of his failure to attempt to
establish good cause.[2]  We overrule White=s first
issue.








Likewise,
because rule 193.6=s sanction is automatic in the
absence of a showing of good cause or lack of prejudice and is not
discretionary with the trial court, the trial court=s
imposition of the required sanction is not reviewed under a TransAmerican
death penalty sanction analysis.  See,
e.g., TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.
1991) (explaining that discretionary sanctions imposed by trial court to punish
discovery abuse must be just; the sanction imposed must be directed against the
abuse and toward remedying the prejudice caused to the innocent party, and the
sanction must be no more severe than to satisfy its legitimate purposes); see
also Didur-Jones v. Family Dollar, No. 02-09-00069-CV, 2009 WL 3937477, at
*3 (Tex. App.CFort Worth Nov. 19, 2009, pet.
filed) (mem. op.) (holding Athe
cautionary factors set out in TransAmerican Natural Gas Corp. apply to
discretionary sanctions, not to the automatic sanctions under rule 193.6@).  Instead, under rule 193.6, the trial court
possesses no discretion; it must exclude evidence not timely provided, amended,
or supplemented in response to a discovery request in the absence of evidence
showing good cause for the failure to respond or the lack of prejudice to the
party opposing admission of the evidence. 
See, e.g., Beam v. A.H. Chaney, Inc., 56 S.W.3d 920, 924 (Tex.
App.CFort
Worth 2001, pet. denied) (reversing case because trial court failed to apply
the automatic exclusion of rule 193.6 even when no attempt was made to show
good cause, lack of surprise, or prejudice by non-answering party); see also
Morrow v. H.E.B., Inc., 714 S.W.2d 297, 297B98 (Tex.
1986) (analyzing former rule).  Because a
TransAmerican analysis does not apply to evidence excluded pursuant to
rule 193.6, we overrule White=s second
issue. 

Having
overruled both of White=s issues, we affirm the trial
court=s
judgment.

SUE WALKER

JUSTICE

 

 

PANEL: WALKER, MCCOY, and MEIER,
JJ.

DELIVERED: January 7, 2010











[1]See Tex. R. App. P. 47.4.





[2]White does not dispute
that the excluded evidence was information sought in the interrogatories
propounded by Perez.