

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00893-CV

Judy **BARRERA**,
Appellant

v.

**BEXAR COUNTY HOSPITAL DISTRICT** d/b/a University Health System and Charles Reed,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI22275
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: November 25, 2020

MODIFIED; AFFIRMED AS MODIFIED

Appellant Judy Barrera appeals a summary judgment in favor of appellees Bexar County Hospital District d/b/a University Health System and Charles Reed. We modify the trial court's judgment to dismiss Barrera's lawsuit for lack of subject matter jurisdiction and affirm as modified.

## BACKGROUND

Barrera formerly worked as a nurse educator for Bexar County Hospital District, a political subdivision of the State of Texas. It is undisputed that the Hospital District conducts business

under the name "University Health System." After an employment dispute with the Hospital District, Barrera sought and received right-to-sue letters from the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission ("TWC"). Those letters, which were dated October 31, 2017 and November 15, 2017, respectively, informed Barrera that she had 90 days from her receipt of the EEOC letter to file a lawsuit under the Americans with Disabilities Act ("ADA") and 60 days from her receipt of the TWC letter to file a lawsuit under the Texas Labor Code. The EEOC and TWC forwarded those notices to the Hospital District.

On November 22, 2017, Barrera filed suit not against the Hospital District, but against a different entity, University Health System Services of Texas, Inc. ("Services"), alleging claims under the Texas Labor Code. Services is a non-profit corporation that was known as "Laundry Services of Texas, Inc." until June of 2017. While the style of Barrera's petition listed Services as the only name of the defendant, the petition "complain[ed] of and about University Health System Services of Texas, Inc. d/b/a University Health System" and referred to "Defendant, UHS" as a "Domestic Nonprofit Corporation." On December 21, 2017, Services filed a verified answer denying "that it currently employs or has ever employed [Barrera] in any capacity." On January 17, 2018, Services sent discovery responses stating it "never employed [Barrera]."

On April 18, 2018—169 days after the issuance of the EEOC's right-to-sue letter and 154 days after the issuance of the TWC letter—Barrera filed her first amended petition. She dropped Services as a defendant and, in its place, sued "Bexar County Hospital District d/b/a University Health System" and Charles Reed, an employee of the Hospital District. She abandoned her claims under the Texas Labor Code and asserted claims under the ADA, the ADA Amendments Act ("ADAAA"), and 42 U.S.C. section 1983. She also alleged Reed had defamed her. The Hospital District and Reed filed motions for partial summary judgment on Barrera's ADA and ADAAA claims against Reed, as well as her section 1983 and defamation claims. When Barrera did not

respond to those motions, the trial court granted them and awarded the Hospital District and Reed a take-nothing judgment on the section 1983 and defamation claims. Barrera does not challenge those rulings in this appeal.

The Hospital District and Reed also filed a traditional motion for summary judgment, arguing Barrera did not timely file suit against them because only her original petition was filed within the deadlines established in the EEOC right-to-sue letter and that petition asserted claims against Services, not the Hospital District. They argued that because the Hospital District is a governmental entity and Reed is its employee, Barrera's failure to timely sue the correct entity deprived the trial court of subject matter jurisdiction over her claims. As support for the motion, the Hospital District and Reed presented the EEOC right-to-sue letter, file-stamped copies of Barrera's original and first amended petitions, and evidence showing the Hospital District is a political subdivision of the State.

In response, Barrera argued that under Texas Rule of Civil Procedure 28, her original petition should be construed as a lawsuit against the Hospital District in its assumed name. She contended:

> University Health System Services of Texas, Inc. and Bexar County Hospital District are separate but related entities (University Health System Services of Texas, Inc. is the parent corporation of Bexar County Hospital District) and both use the trade name University Health System.

She also argued the Hospital District had actual notice of her original petition because she served it on George Hernandez, Jr., who she claimed was "the President and Chief Executive Officer of University Health System." As support for these contentions, Barrera presented her own affidavit. Paragraph 8 of that affidavit stated, inter alia, "Through my employment at [the Hospital District] I have learned that there are many entities and locations that all use the trade name University Health System. George B. Hernandez, Jr. is the President and Chief Executive Officer for UHS."

After Barrera filed her summary judgment response, the Hospital District filed an affidavit from Services's secretary, Michael Roussos, which stated Services "is not a parent corporation of the Bexar County Hospital District d/b/a University Health System."

The Hospital District and Reed objected to Paragraph 8 of Barrera's affidavit on the ground that it failed to establish the basis for her stated knowledge. The trial court sustained that objection and did not consider Paragraph 8 in reviewing the motion for summary judgment. After a hearing, the trial court granted the motion for summary judgment. Barrera filed a motion for reconsideration, which the trial court denied. On December 2, 2019, the trial court signed a "Final Summary Judgment" that incorporated all three summary judgment rulings, reiterated the trial court's ruling on the objection to Paragraph 8 of Barrera's affidavit, and ordered that Barrera "take nothing of and from Bexar County Hospital District d/b/a University Health System and Charles Reed." Barrera then filed this appeal.

**ANALYSIS**

***Standard of Review and Applicable Law***

We review a trial court's ruling on a traditional motion for summary judgment de novo. *Vela v. GRC Land Holdings, Ltd.*, 383 S.W.3d 248, 250 (Tex. App.—San Antonio 2012, no pet.). A traditional summary judgment movant must show that no genuine issue of material fact exists and it is therefore entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Vela*, 383 S.W.3d at 250. In determining whether a fact issue exists, we take as true all evidence favorable to the nonmovant and resolve all doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

"Sovereign immunity bars suits against the state and its entities, and this immunity remains intact unless surrendered" by a clear and unambiguous statutory waiver. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). When a defendant is a governmental entity,

compliance with applicable statutory prerequisites to suit are jurisdictional, and a plaintiff's failure to adhere to those prerequisites will bar her suit. TEX. GOV'T CODE ANN. § 311.034; *Chatha*, 381 S.W.3d at 512. A governmental entity's immunity from suit deprives the trial court of subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law. *Id.* at 226. When the trial court lacks jurisdiction, it "should not render judgment that the plaintiffs take nothing; it should simply dismiss the case." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008).

### *Application*

#### *Texas Rule of Civil Procedure 28*

In her first two issues, Barrera challenges the trial court's conclusion that the summary judgment evidence did not raise a fact issue about whether Barrera timely filed suit against the Hospital District and its employee, Reed. TEX. R. CIV. P. 166a(c); *Miranda*, 133 S.W.3d at 226. Barrera does not dispute that the Hospital District is a governmental entity. *See Bexar Cty. Hosp. Dist. v. Crosby*, 327 S.W.2d 445, 446 (Tex. 1959) (describing the Hospital District as "a political subdivision of the State"). She does not dispute that compliance with the deadline in the EEOC's right-to-sue letter constituted a statutory prerequisite to her suit against the Hospital District, nor does she contend that she filed her first amended petition—the first petition in which she sued the Hospital District in its correct name—by that deadline. *See* 42 U.S.C.A. § 2000e-5(f)(1) (private actions under Title VII of the Civil Rights Act of 1964 must be filed within 90 days of receiving right-to-sue letter); *Baldwin v. Northrop Grumman Info. Tech.*, No. 03-09-00654-CV, 2011 WL182880, at *1 (Tex. App.—Austin Jan. 21, 2011, no pet.) (mem. op.) (same). Finally, Barrera does not dispute that a failure to comply with this statutory deadline would jurisdictionally bar her claims. *See* TEX. GOV'T CODE § 311.034; *Chatha*, 381 S.W.3d at 512.

Instead, Barrera relies on Texas Rule of Civil Procedure 28 to argue her suit against the Hospital District was timely filed. Rule 28 provides:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX. R. CIV. P. 28. Barrera contends her original petition naming Services as defendant "sued University Health System, as an assumed or common name" and, as a result, the summary judgment evidence raises a genuine issue of material fact about whether Rule 28 precludes the Hospital District's claim that her lawsuit is time-barred. The Hospital District responds that Barrera has not shown Rule 28 applies to suits against governmental entities.

We agree with the Hospital District. Although we must liberally construe the Rules of Civil Procedure, we cannot disregard their plain language. *See Beam v. A.H. Chaney, Inc.*, 56 S.W.3d 920, 923 (Tex. App.—Fort Worth 2001, pet. denied). Barrera's brief cites no authority holding that a governmental entity is a "partnership, unincorporated association, private corporation, or individual" for the purposes of Rule 28, and we have found none.[1] While Barrera's reply brief cites a 1959 Texas Supreme Court opinion that refers to the Hospital District as a "corporation," nothing in that opinion supports a conclusion that the Hospital District is a *private* corporation, as required by Rule 28. *See Crosby*, 327 S.W.2d at 446–49. As a result, we overrule Barrera's contention that Rule 28 raises a fact question about whether she timely sued the Hospital District. *See* TEX. R. CIV. P. 28, 166a(c); *Miranda*, 133 S.W.3d at 234.

---

[1] While the word "person" includes a governmental entity "unless the statute or context in which the word . . . is used requires a different definition," we have found no authority that defines the word "individual" to include a governmental entity. *See* TEX. GOV'T CODE ANN. § 311.005(2) (defining "person"). To the contrary, the Texas Business Organizations Code defines "individual" as "a natural person." TEX. BUS. ORGS. CODE ANN. § 1.002(38).

*Misidentification*

"The statute of limitations will be tolled in mis-identification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004). During the summary judgment hearing, the trial court told Barrera it believed "Rule 28 does not govern this matter" and asked if she instead intended to challenge the Hospital District's motion for summary judgment under a common law misidentification theory. Barrera responded to that question affirmatively, and some of the arguments she presented in the trial court and in her brief touch on the elements of a misidentification theory. However, Barrera's brief, even liberally construed, does not present any authority or substantive analysis on whether the summary judgment evidence raised a fact issue on each required element of misidentification. *See id.*; *see also Cammack v. Bank of N.Y. Mellon*, No. 04-18-00278-CV, 2019 WL 2014852, at \*1 (Tex. App.—San Antonio May 8, 2019, no pet.) (mem. op.). As a result, to the extent that Barrera intended to rely on a misidentification theory on appeal, she waived that issue. TEX. R. APP. P. 38.1; *Cammack*, 2019 WL 2014852, at \*1.

*Paragraph 8 of Barrera's Affidavit*

In her third issue, Barrera argues the trial court erred by sustaining the Hospital District's objection that Paragraph 8 of her affidavit is conclusory and does not show a basis for Barrera's personal knowledge of the facts it recites. Barrera contends that "as an employee of University Health System, [she] was in a position to have personal knowledge" of the alleged facts at issue. Although Barrera cited allegedly applicable authority in her brief to support this proposition, she did not apply that authority to the facts of this case or otherwise "present sufficient argument [or] provide basis to support a conclusion the trial court erred." *Lowry v. Tarbox*, 537 S.W.3d 599, 619–20 (Tex. App.—San Antonio 2017, pet. denied); *see also Milteer v. W. Rim Corp.*, 303

S.W.3d 334, 336 (Tex. App.—El Paso 2009, no pet.) (argument inadequately briefed where citation to legal authority "provided no discussion or argument of the cases cited or explanation of how those cases supported [appellant's] specific contentions"). As a result, Barrera's third issue is inadequately briefed and she waived it. *See Milteer*, 303 S.W.3d at 336.

*Barrera's Motion for Reconsideration*

The final issue listed in the issues presented section of Barrera's brief challenges the trial court's ruling on documents attached to her motion for reconsideration. However, she raises no argument on this point in the body of her brief. Because this issue is inadequately briefed, Barrera waived it. TEX. R. APP. P. 38.1; *Water Expl. Co., Ltd. v. Bexar Metro. Water Dist.*, 345 S.W.3d 492, 495 n.2 (Tex. App.—San Antonio 2011, no pet.).

## CONCLUSION

Barrera has not presented any argument or authority showing the trial court reversibly erred by concluding she did not satisfy her summary judgment burden on the Hospital District's jurisdictional arguments. However, because the trial court concluded it lacked subject matter jurisdiction over Barrera's claims, it should have dismissed her lawsuit instead of rendering judgment that she take nothing. *See Inman*, 252 S.W.3d at 304. We therefore modify the trial court's December 2, 2019 Final Summary Judgment to dismiss Barrera's lawsuit for lack of subject matter jurisdiction and affirm it as modified. TEX. R. APP. P. 43.2(b).

Beth Watkins, Justice