**In re Francisco J. MONTEMAYOR.**

**No. 04–99–00549–CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 25, 1999.

Jesus M. Dominguez, Law Offices of Jesus M. Dominguez, Laredo, for appellant.

Richard D. Palacios, Law Office of Ricardo D. Palacios, Encinal, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

In this mandamus proceeding, relator, Francisco J. Montemayor requests this court to direct the trial court to vacate its order reinstating a case previously dismissed for want of prosecution. Finding that the trial court acted outside its plenary jurisdiction, we conditionally grant the requested writ.

### PROCEDURAL HISTORY

First Federal Savings & Loan Association of Laredo ("First Federal") filed suit against Francisco Montemayor ("Montemayor") in February 1988 to recover money owed on a promissory note. First Federal went into receivership in 1989 and its promissory notes passed to Resolution Trust Corporation. Resolution Trust Corporation sold the note which is the subject of the underlying suit to First Lake Corporation, who then sold it to Great Lakes Investments, Inc. ("Great Lakes") in 1992. Sometime in 1995 or 1996, Great Lakes, as successor in interest to First Federal, filed a motion for summary judgment, which ultimately, in April 1999, was set for a hearing on May 20, 1999. Late April or early May 1999, Richard Palacios, counsel for Great Lakes, was notified that the case had been set on the dismissal docket for May 6, 1999. Palacios contacted the coordinator of the 111th District Court regarding the ostensibly conflicting settings. He was told that the summary judgment setting had priority over the dismissal setting and that his presence was not required at the May 6, 1999 hearing. Relying on this instruction, Palacios did not appear at the dismissal hearing, and the case was dismissed by written order signed by Judge Vasquez dated May 6, 1999.

Neither Palacios nor Great Lakes received notification of the dismissal order as required by Rule 306a(3) of the Texas Rules of Civil Procedure.[1] Unaware of

---

1. Rule 306a(3) provides in pertinent part:
 When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class

544

the May 6, 1999 order, Palacios appeared for his scheduled summary judgment hearing on May 20, 1999, at which time he was informed of the dismissal. With opposing counsel present, Palacios spoke with Judge Vasquez, explaining that his absence was due to his reliance on the court coordinator's assurance that the summary judgment setting had precedence over the dismissal setting. In response, Judge Vasquez said, "Well, then [the case] needs to be reinstated." Judge Vasquez instructed his court coordinator to reinstate the case on the court's docket, and the hearing on Great Lakes' summary judgment motion was reset for June 15, 1999. The court's docket sheet indicates that the case was "reinstated" on the court's docket on May 20, 1999. A written order of reinstatement, however, was not signed at that time.

On June 15, 1999, *forty days after the entry of the dismissal order,* the parties appeared for the hearing on Great Lakes' motion for summary judgment. In his opening remarks, Jesus Dominguez, counsel for relator, argued that the trial court was without jurisdiction to consider the summary judgment motion because neither a motion to reinstate had been filed nor had the court entered an order of reinstatement. The trial court asked the parties to brief the jurisdictional issue and a hearing on the matter was set for June 30, 1999. The following day, June 16, 1999, Great Lakes filed a motion to vacate and set aside the May 6, 1999 dismissal order and a motion to reinstate the case.

At the outset of the June 30th hearing, Dominguez reurged his position that the trial court's plenary jurisdiction had already expired in the absence of a timely

filed motion to reinstate. Palacios, relying on the savings provision of Rule 306a(4),[2] argued that the trial court's procedural timetables did not start running until May 20, 1999, the date he received actual notice of the dismissal order; thus, the trial court was within its authority to rule on Great Lakes' motion to reinstate because it was filed within thirty days of May 20, 1999. The record reveals that the trial court agreed with Great Lakes' position. Specifically, Judge Vasquez concluded: "the fact that the order of dismissal was not sent to [plaintiff's counsel] properly by the clerk, I think, extends the time, and I think [Great Lakes] would be entitled to have a reinstatement done. I need an order today." An order reinstating Great Lakes' case was signed on June 30, 1999, fifty-five days after the date of the dismissal order.

### MANDAMUS JURISDICTION

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). A writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). A writ of mandamus will issue to correct an order of the trial court that the court had no power to render and which is, therefore, void. *Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex.1993).

### TRIAL COURT'S PLENARY JURISDICTION AFTER DISMISSAL

In his petition, relator argues that the savings provision of Rule 306a(4) was not triggered in the instant case because Pa-

mail advising that the judgment or order was signed.

2. Rule 306a(4) provides in pertinent part:
 If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired ac-

tual knowledge of the order, then with respect to that party all the periods [concerning the trial court's plenary jurisdiction] mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first....

lacios acquired actual knowledge of the dismissal order on May 20, 1999, fourteen days after it was signed. Relator argues that without the benefit of Rule 306a(4), the trial court's plenary jurisdiction could not have extended beyond June 7, 1999 [3] in the absence of a timely filed verified motion to reinstate. *See* Tex.R. Civ. P. 165a(3). Because Great Lakes failed to comply with the reinstatement procedures of Rule 165a, relator thus concludes that the trial court was without authority to reinstate Great Lakes' case on June 30, 1999.

In response, Great Lakes advances three arguments: (1) the dismissal order is invalid because counsel was instructed not to appear; (2) Great Lakes substantially complied with Rule 306a; and (3) the trial court acted within its inherent power to correct the erroneous dismissal order. We reject these arguments.

### TRIAL COURT'S PLENARY JURISDICTION AFTER DISMISSAL

 Relying on *Cannon v. ICO Tubular Services, Inc.*, 905 S.W.2d 380, 387 (Tex.App.-Houston [1st] 1995, no writ), Great Lakes first argues that the dismissal order was rendered invalid because its notice of the dismissal hearing was effectively nullified when Palacios was told not to appear. Great Lakes' reliance on *Cannon* is misplaced. There, Cannon neither received proper notice of the dismissal hearing nor received notice of the entry of dismissal within time to comply with the reinstatement procedures of Rule 165a. *Cannon*, 905 S.W.2d at 386. Here, Palacios acquired actual knowledge of the dismissal within fourteen days of its entry. Palacios, unlike Cannon, had time to seek reinstatement under Rule 165a.

If a case is dismissed for want of prosecution, a party seeking reinstatement must file a verified motion to reinstate within thirty days after the date on which the order of dismissal was signed. Tex.R. Civ. P. 165a(3). In the absence of a verified motion to reinstate, the trial court's plenary jurisdiction expires thirty days after the date on which it signed the dismissal order. *See id.; McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990, orig.proceeding). An exception to the rule that procedural timetables run from the date the appealable order is signed exists for a party who learns of the order *more than twenty*, but less than ninety, days after it was signed. Tex.R. Civ. P. 306a(4) (emphasis added); Tex.R.App. P. 4.2. To benefit from the Rule 306a(4) exception, the party must prove in the trial court, on sworn motion and notice, the date he or his attorney first received notice or acquired actual knowledge of the signing. Tex.R. Civ. P. 306a(5).

Great Lakes acknowledges that it learned of the dismissal order less than twenty days after its entry, which technically would render Rule 306a(4) inapplicable to the instant case, but it nevertheless argues that a strict construction of Rule 306a(4) is not necessary in light of the fact that Palacios was advised his presence at the dismissal hearing was not necessary. Without citing any authority, Great Lakes submits that substantial compliance with Rule 306a should suffice to invoke the relief provided by it. We disagree.

 First, the facts of the instant case clearly fall outside the dictates of Rule 306a(4). That is, because Palacios learned of the dismissal within fourteen days of its entry, Great Lakes was not entitled to extend the effective date of the judgment. Moreover, even if Rule 306a(4) was triggered in the instant case, the record plainly shows that Great Lakes did not attempt to comply with subsection 5 of Rule 306a. As this court has previously explained, Rule 306a(4) is not self-implementing. *In re Jones*, 974 S.W.2d 766, 768 (Tex.App.-

---

**3.** The 30th day after the dismissal order was signed was Saturday, June 5, 1999; thus, the trial court's plenary jurisdiction would end on Monday, June 7, 1999. *See* Tex.R. Civ. P. 4; Tex.R.App. P. 4.1.

San Antonio 1998, orig. proceeding). Unless the procedures of Rule 306a(5) are followed, the trial court's plenary power is not restarted, and it is without authority to act more than thirty days after the date the appealable order is signed. *See id.* (citations omitted). Rule 306a, contrary to Great Lakes' argument, does not speak in terms of substantial compliance.

We turn then to Great Lakes' last-stated argument that the June 30, 1999 order was merely a formalization of the trial court's oral pronouncement of reinstatement ordered on May 20, 1999. We do not quarrel with the general proposition that orders and judgments may be orally pronounced. Nor do we quarrel with the general proposition that a trial court has the inherent authority to reinstate a case on its own motion. But these general rules do not aid Great Lakes' position. The Supreme Court has previously determined that different rules apply to the effectiveness of oral pronouncements when a time limitation is placed on the court's jurisdiction to act on a matter. *Walker v. Harrison,* 597 S.W.2d 913, 915 (Tex.1980, orig.proceeding).[4] "During the time in which a court may vacate, set aside, modify or amend its previous order, such actions must, to be effective, be by written order that is express and specific." *Id.* at 915–16 (quoting *McCormack v. Guillot,* 597 S.W.2d 345, 346 (Tex.1980)). Thus, in the instant case, a written order of reinstatement reflecting the trial court's oral pronouncement of May 20, 1999 was required by June 7, 1999. *See id.; cf. Thorpe v. Volkert,* 882 S.W.2d 592, 595 (Tex.App.-Houston [1st Dist.] 1994, no writ) (trial court cannot vacate final judgment by oral pronouncement and entry on court's docket sheet). Because the written order of reinstatement was signed more than thirty days after the entry of the

dismissal order, it is void. *See Walker,* 597 S.W.2d at 915–16; Tex.R. Civ. P. 165a.

Accordingly, the writ of mandamus is conditionally granted. *Faulkner,* 851 S.W.2d at 188. We anticipate that in accordance with our opinion, Judge Vasquez will withdraw the order reinstating the above-numbered cause dated June 30, 1999. Writ will issue upon certification to this court that he has not done so within ten days of this opinion.

---

4. We recognize that Judge Vasquez was attempting to remedy a problem that was at least partly caused when erroneous information was provided by court personnel. Ultimately, however, the trial court's inherent authority is limited by the requirement of a timely written order of reinstatement.