Amended Petition for Writ of Mandamus Granted on Rehearing; Memorandum
Opinion dated February 7, 2006 Withdrawn, and Memorandum Opinion on Rehearing
filed June 29, 2006








Amended Petition for Writ
of Mandamus Granted on Rehearing; Memorandum Opinion dated February 7, 2006
Withdrawn, and Memorandum Opinion on Rehearing filed June 29, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01236-CV

____________

 

IN RE SAUNDRA LEE MICKLOS, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R A N D U M  O P I N I O N  O
N  R E H E A R I N G 








Relator Saundra Lee Micklos seeks a
writ of mandamus ordering respondent, the Honorable Martha Hill Jamison,
presiding judge of the 164th District Court, Harris County, Texas, to vacate
her order of October 3, 2005, overruling relator=s plea to the jurisdiction and motion
to vacate the order reinstating the underlying personal injury suit.  See
Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex.
R. App. P. 52.1.  We issued a memorandum opinion on February 7, 2006
denying relator=s requested relief because her mandamus petition failed to
comply with the Rules of Appellate Procedure.  We granted relator=s motion for rehearing and leave to
file an amended petition.  On rehearing, we withdraw our memorandum opinion of
February 7, 2006 and issue this memorandum opinion in its place, granting
relator=s amended petition for writ of
mandamus. 

Background

This original proceeding stems from a
personal injury suit filed by real party, Marcie Nettles, against relator in
May of 2004.  On September 10, 2004, the trial court signed an order dismissing
the case for want of prosecution.  Real party filed a verified motion to
reinstate pursuant to Texas Rule of Civil Procedure 165a on October 18, 2004,[1]
which the trial court granted by order dated January 3, 2005 (the AJanuary 3 order@).  In June of 2005, relator filed a
combined plea to the jurisdiction and motion to vacate the January 3 order (the
Aplea@), claiming the trial court=s plenary power had expired prior to
that date.  In response to the plea, real party=s attorney asserted for the first
time that he had not received notice of the dismissal from the clerk of the
court, but had learned of the dismissal on October 4, 2004;  and therefore, the
filing deadlines for the motion to reinstate had begun to run on October 4
pursuant to Texas Rule of Civil Procedure 306a.  Relator=s plea was overruled by order dated
October 3, 2005 (the AOctober 3 order@). 

Standard of
Review  








To be entitled to mandamus relief, a
relator must show that the trial court committed a clear abuse of discretion
and there is no adequate remedy by appeal.  In re Ford Motor Co., 165
S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135B36 (Tex. 2004) (orig. proceeding).  A trial court abuses its
discretion when it fails to correctly apply the law.  Ford Motor, 165
S.W.3d at 317; Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  If a trial court erroneously reinstates a case after its plenary
power has expired, there is no adequate remedy by appeal and mandamus will
issue.  Estate of Howley v. Haberman, 878 S.W.2d 139, 140 (Tex. 1994)
(orig. proceeding) (per curiam);  In re Bokeloh, 21 S.W.3d 784, 793
(Tex. App.CHouston [14th Dist.] 2000, orig. proceeding).

Discussion

In her amended petition, relator
argues the trial court=s plenary power expired prior to the January 3 order because:
(1) real party=s verified motion to reinstate was not timely filed under Rule 165a; and
(2) relator failed to comply with the procedures set forth in Rule 306a(5) to
extend the trial court=s plenary power for filing that motion.    

A party seeking reinstatement of a
case dismissed for want of prosecution must file a verified motion to
reinstate, generally within thirty days after the dismissal order was signed;
in the absence of such a timely motion, the trial court=s plenary jurisdiction expires thirty
days after dismissal.  See Tex.
R. Civ. P. 165a(3); Mem=l Hosp. of Galveston County v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987)
(per curiam); In re Montemayor, 2 S.W.3d 542, 545 (Tex. App.CSan Antonio 1999, orig. proceeding); see
also Tex. R. Civ. P. 329b(f). 
Here, the verified motion to reinstate was filed on October 18, 2004,
thirty-eight days after the dismissal order was signed on September 10, 2004.  See
Tex. R. Civ. P. 4, 21a.  Real
party does not dispute that her motion to reinstate was filed more than thirty
days after the dismissal order was signed, but contends[2]
that the motion to reinstate should be construed as a Rule 306a motion,
extending the trial court=s plenary power and rendering the motion timely.    








As relevant to this case, if a party
adversely affected by a judgment does not receive the required notice or
acquire actual knowledge of it within twenty days after it is signed, then the
period of the trial court=s plenary power to vacate the judgment begins on the earlier
of the dates on which the party received notice or acquired actual knowledge,
respectively.  Tex. R. Civ. P. 306a(4). 
However, in order to establish the application of this time period, the
adversely affected party is required to prove in the trial court, on sworn
motion, the date on which notice or actual knowledge of the judgment was
received or acquired more than twenty days after it was signed.  Tex. R. Civ. P. 306a(5); In re
Montemayor, 2 S.W.3d at 545.  Compliance with Rule 306a(5) is
jurisdictional, and unless a party establishes that he had no notice or
knowledge of the judgment in accordance with that rule, the trial court=s plenary jurisdiction is not
extended by Rule 306a(4).  Grondoma v. Sutton, 991 S.W.2d 90, 91B92 (Tex. App.CAustin 1998, pet. denied); see
Gillis, 741 S.W.2d at 365B66. 

In this case, real party=s attorney asserts that the
timetables for determining the court=s plenary power began October 4,
2004, the date he received actual knowledge of the dismissal, because the
motion to reinstate should be construed as a Rule 306a motion.  However, the
motion to reinstate fails to even mention, let alone provide proof of, the date
that either real party or her attorney received notice, or acquired actual
knowledge, of the dismissal.[3]  Although
real party expressly complained in her motion to reinstate that she was not
timely notified of the court=s intent to dismiss the case, she did not mention any
lack of notice of the dismissal order nor allege that actual knowledge of it
was acquired more than twenty days after the dismissal order was signed until
after the January 3 reinstatement order was entered (in response to relator=s plea).  See Tex. R. Civ. P. 306a(5).  Further,
there is no record of any hearing being conducted on the motion to reinstate,
and the January 3 order does not suggest that the date on which real party had
received notice or acquired knowledge of the dismissal had been considered.  See
id.; Gillis, 741 S.W.2d at 365B66.  Because neither the motion to
reinstate nor anything else in our record up to the January 3 order satisfies
any of the requirements of Rule 306a(5), we have no basis to treat it as a
motion complying with those requirements.     








Real party also relies on her
response to relator=s plea, filed in July of 2005, approximately nine months
after the motion to reinstate was filed and six months after the January 3
reinstatement order was signed, to satisfy Rule 306a.  However, to adopt this
argument, we would have to conclude that a Rule 306a(5) showing of late
acquisition of actual knowledge could somehow relate back to the January 3
order and thereby extend the trial court=s plenary power to January 3 after
the fact.  Although we are to liberally construe the Rules of Civil Procedure,
we can find no authority or rationale to support such a construction of the
rules, and we are not free to disregard their plain language.  See Tex. R. Civ. P. 1; Beam v. A.H.
Chaney, Inc., 56 S.W.3d 920, 923  (Tex. App.CFort Worth 2001, pet. denied)
(stating that liberal construction does not require ignoring the rule). 

In sum, because real party=s motion to reinstate was untimely
and she did not establish that the timetables under Rule 306a(4) applied, the
trial court=s plenary power was not extended, and the January 3 reinstatement order
was signed outside of the trial court=s plenary power, rendering that order
void.  See Tex. R. Civ. P. 165a(3);
Howley, 878 S.W.2d at 140; see also In re Dickason, 987 S.W.2d
570, 571 (Tex. 1998); Gillis, 741 S.W.2d at 365; In re Bokeloh,
21 S.W.3d at 793B94. Accordingly, we conditionally grant the writ of mandamus.[4]
            

 

 

/s/        Richard H. Edelman

Justice

 

 

 

Amended Petition for Writ of Mandamus
Granted and Memorandum Opinion on Rehearing filed June 29, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.  (Fowler, J. concurs in result only.)

 

 









[1]           The certificate of service for the motion
to reinstate reflects that it was served on relator on October 5, 2004, but its
cover letter to the clerk=s office is dated October 18, 2004, and the motion is
file-stamped October 22, 2004. During oral argument, real party acknowledged
that the motion was, in fact, mailed on October 18.





[2]           Real party did not file a response to the
petition or amended petition, but did present arguments during oral submission.






[3]           See Tex. R. Civ. P. 306a(5); Gillis, 741 S.W.2d at 365B66 (declining to construe a motion to reinstate as a
306a motion because, in part, the movant failed to allege that she had no
notice or knowledge of the dismissal order within twenty days).  





[4]           Writ will issue only if the trial court
fails to comply with this opinion.