**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed February 16, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00812-CV

### IN RE MARTIN CARLOS ABOYTES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1173308**

## MEMORANDUM OPINION

On November 1, 2022, relator Martin Carlos Aboytes filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jim F. Kovach, presiding judge of the County Civil Court at Law No. 2 of Harris County,

to vacate his October 12, 2022 order reinstating the underlying case. We conditionally grant the petition.[1]

## BACKGROUND

Ameyia Jackson sued Carlos Aboytes for damages allegedly sustained in a car accident. After granting two continuances, the trial court set this case for trial for the two-week period beginning August 15, 2022, with the pre-trial hearing on August 12, 2022. The Order for Jury Trial Setting, Scheduling & Notice of Intent to Dismiss stated: "FAILURE TO APPEAR AT PRETRIAL BY VIDEO CONFERENCE WILL RESULT IN THE CASE BEING DISMISSED FOR WANT OF PROSECUTION." Neither Jackson nor her counsel appeared at the August 12, 2022 pretrial hearing, and the trial court signed the order dismissing the case the same day.

On September 19, 2022, Jackson filed a verified motion to reinstate, contending that the failure to attend the pretrial conference was not intentional for done with conscious disregard but was the result of a mistake or an accident. Jackson further claimed that she had been diligently prosecuting the case as she had fully participated in discovery and formal mediation. Relator responded that the trial court did not have jurisdiction to reinstate the case because Jackson's motion was not timely filed and she had not shown the court that she had diligently prosecuted the case. The trial court signed the order reinstating the case on October 12, 2022. Relator brings this mandamus challenging the trial court's order reinstating the case.

---

[1] We requested a response to the petition from real party in interest, but she did not file one.

## STANDARD OF REVIEW

Ordinarily, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) no adequate remedy by appeal exists. *See In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). A relator need not show that it does not have an adequate remedy by appeal when the complained-of order is void. *In re Sw. Bell. Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

## ANALYSIS

When a plaintiff's lawsuit is dismissed for want of prosecution, the only available remedy is a motion for reinstatement. *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.). If a case is dismissed for want of prosecution, the party seeking reinstatement must file a verified motion to reinstate within 30 days after the date on which the order of dismissal was signed. Tex. R. Civ. P. 165a(3); *In re Montemayor*, 2 S.W.3d 542, 545 (Tex. App.—San Antonio 1999, orig. proceeding). Rule 306a of the Texas Rules of Civil Procedure provides a procedure to modify the post-judgment timetables so that the time begins on the date that the party or the party's counsel first received notice or acquired actual knowledge of the signing of the judgment more than 20, but less than 90, days

3

after it was signed. *Jarrell*, 580 S.W.3d at 467 (citing Tex. R. Civ. P. 306a(4), (5)); *Montemayor*, 2 S.W.3d at 545.

Jackson filed her motion to reinstate 38 days after the trial court had signed the order of dismissal. Jackson did not invoke the Rule 306a procedure or otherwise assert that she had first received notice of the dismissal order more than 20, but less than 90, days after the trial court signed the order. The trial court's plenary power expired 30 days after the date of the October 12, 2022 order. The time limits provided in Rule 165a are mandatory and jurisdictional and an order of reinstatement entered after the expiration of the relevant time limits is void. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding). Jackson did not timely file her motion to reinstate and the trial court's order reinstating the case is void.

We conclude that the trial court abused its discretion by reinstating the case. Because the order is void, relator need not show that he does not have an adequate remedy by appeal. *See Sw. Bell. Tel. Co.*, 35 S.W.3d at 605.

## CONCLUSION

Relator has established that he is entitled to mandamus relief. Accordingly, we conditionally grant relator's petition for writ of mandamus and instruct the trial court to vacate its October 12, 2022 order reinstating the underlying case. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the trial court fails to comply. We lift our January 11, 2023 stay.

PER CURIAM

Panel consists of Justices Christopher and Justices Bourliot and Wilson.

4