**Dismissed For Lack of Appellate Jurisdiction and Opinion filed July 25, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00305-CV

---

### TIMOTHY MAY, Appellant

### V.

### GUADALUPE NUNO GONZALEZ AND RG PLUMBING, INC., Appellees

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-54177**

---

# O P I N I O N

Appellant seeks to appeal from the trial court's order concluding that the court had lost plenary power. After the trial court signed a final judgment dismissing the case for want of prosecution, appellant timely filed a motion to reinstate the case. Appellant claims that the trial court signed a written, ambiguous order that should be construed as granting appellant's motion to reinstate. We conclude that the trial court did not decide the motion to reinstate by a signed written order within seventy-five days after the final judgment was signed.

Therefore the motion was deemed overruled by operation of law, and the trial court lost plenary power thirty days later. Because the order from which appellant seeks to appeal is not an appealable order, we dismiss for lack of appellate jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Timothy May filed suit against appellees/defendants Guadalupe Nuno Gonzalez and RG Plumbing, Inc. (collectively the "Nuno Parties") asserting negligence claims and seeking personal injury damages allegedly resulting from a motor vehicle collision that occurred in December 2017. Based on May's failure to appear at a pre-trial conference, on August 8, 2022, the trial court signed a final judgment dismissing the case for want of prosecution. On that same date, May filed a verified motion to reinstate the case under Texas Rule of Civil Procedure 165a, entitled "Plaintiff's Verified Motion to Reinstate Case on Docket" (the "Motion"). May also submitted a proposed order for the trial court to sign. The proposed order did not contain any language ruling on the motion; instead, the proposed order reads in its entirety as follows: "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's Verified Motion to Reinstate Case on Docket." The Nuno Parties opposed the motion to reinstate and submitted a proposed order denying the motion.

The trial court considered the Motion by submission, and on August 29, 2022, the trial court signed the proposed order submitted by May after adding a sentence to it ordering the plaintiff to pay $750 for failure to appear at the pre-trial conference (the "Order"). The trial court's docket sheet describes the Order both as "Order Approving Stipulation Signed"[1] and as "Reinstatement on Court Order." The docket sheet also reflects the following activity on August 29, 2022: "Motion to Reinstate Granted."

---

[1] The record does not reflect that there was any stipulation regarding the Motion.

2

In February 2023, the trial court set the trial date for the two-week setting beginning on April 3, 2023. May then filed a supplemental expert-witness designation on February 14, 2023, as well as various pre-trial materials on March 30, 2023.

On April 3, 2023, the trial court called the case to trial. May announced ready for trial. The Nuno Parties announced that they were not ready for trial and asserted that the trial court had dismissed the case for want of prosecution on August 8, 2022 and that the Motion had been overruled by operation of law under Texas Rule of Civil Procedure 165a(3) because the Motion was not decided by a signed written order within seventy-five days. Though the trial court signed the Order, the Nuno Parties asserted that the trial court did not rule on the Motion because the Order did not state any ruling on the Motion. May responded that the Order is a written order signed by the trial court. May's counsel asserted that he intended to file a proposed order that granted the Motion. The trial court stated that it intended to reinstate the case. The trial court gave the parties time to brief the issue of whether the trial court still had plenary power over the case.

After the parties briefed this issue, on April 11, 2023, the trial court signed an order stating that the court's plenary power over the case had expired 105 days after the case was dismissed for want of prosecution and directing the trial court clerk to close the case ("Closing Order"). Three weeks later May filed a notice of appeal seeking to appeal from the Closing Order.

## II. ISSUES AND ANALYSIS

On appeal May asserts that the trial court erred in issuing the Closing Order because (1) the language of the Order is ambiguous; (2) based on the totality of the circumstances the trial court's intent was to grant the Motion; (3) the trial court should have construed the Order as granting the Motion; and (4) although Texas

3

Rule of Civil Procedure 165a requires a signed, written order granting reinstatement, the Order is such an order. The Nuno Parties argue that this court lacks appellate jurisdiction over this case because May did not timely appeal from the trial court's final judgment. The Nuno Parties assert that the Order does not comply with Rule 165a(3) and that none of the ambiguity cases cited by May involve Rule 165a. The Nuno Parties contend that under Rule 165a(3), the Motion was overruled by operation of law, and the trial court lost plenary power thirty days later.

**A. Was the Motion "decided by signed written order" under Rule 165a(3)?**

In its August 8, 2022 judgment, the trial court dismissed this case for want of prosecution. A motion to reinstate is the only remedy available to a party when the trial court has dismissed the case for want of prosecution. *See* Tex. R. Civ. P. 165a; *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). May timely filed a verified motion to reinstate under Rule 165a. *See* Tex. R. Civ. P. 165a(3). Under Rule 165a the trial court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id*. Rule 165a provides that "[i]n the event for any reason a motion for reinstatement is not **decided by signed written order** within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law." *Id*. (emphasis added). Because May timely filed a motion to reinstate, the trial court had plenary power to reinstate the case until thirty days after the Motion was overruled, whether by a signed written order or by operation of law, whichever occurred first. *See id*. The time limits in Rule 165a are mandatory and jurisdictional. *Walker v. Harrison,* 597

S.W.2d 913, 915 Tex. 1980). Though courts generally may orally pronounce orders in open court, this rule does not apply in the Rule 165a context, in which the rule requires that the motion for reinstatement be decided by a signed written order. *See* Tex. R. Civ. P. 165a; *Walker*, 597 S.W.3d at 915. Absent the application of Texas Rule of Civil Procedure 306a, which does not apply in today's case, a motion for reinstatement is deemed overruled by operation of law if for any reason the motion is not decided by signed written order within seventy-five days after the judgment is signed. *See* Tex. R. Civ. P. 165a(3). To satisfy this signed, written order requirement, the trial court's signed written order must specifically rule on the motion. *See Walker*, 597 S.W.3d at 915–916; *In re R.C.M.*, No. 2-09-080-CV, No. 2-09-347-CV, 2010 WL 1267759, at *3 (Tex. App.—Fort Worth Apr. 1, 2010, no pet.) (mem. op.); *In re Montemayor*, 2 S.W.3d 542, 546 (Tex. App.—San Antonio 1999, orig. proceeding).

The Order reads in its entirety as follows:

| | | |
|---|---|---|
| TIMOTHY MAY | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GUADALUPE NUNO GONZALEZ | § | |
| and RG PLUMBING, INC. | § | 157TH JUDICIAL DISTRICT |

ORDER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's Verified Motion to Reinstate Cause on Docket.

Dated: _____ ___, 2022

Signed:
8/29/2022

_____

**THE HON. TANYA GARRISON**
**HARRIS COUNTY DISTRICT JUDGE**

The Plaintiff shall pay the Defendant $750 for failure to appear at the pre-trial conference.

The trial court signed the proposed order submitted by May's counsel after adding the following sentence: "The Plaintiff shall pay the Defendant $750 for failure to appear at the pre-trial conference." In this sentence the trial court does not state that it is granting, denying, or otherwise ruling on the Motion. The Nuno Parties did not request that the trial court order May to pay any amount for his failure to appear at the pre-trial conference, nor did May offer to pay any such amount if the trial court granted the Motion. Even if the trial court had denied the Motion, the trial court could have decided to order May to pay a monetary sanction of $750 for failing to appear at the pre-trial conference. Thus, by ordering this payment, the trial court did not specifically rule on or decide the Motion. Other than this sentence, the only text contained in the Order is the following: "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's Verified Motion to

6

Reinstate Case on Docket." This statement is incomplete and lacks any ruling or decision on the Motion. No text in the Order shows whether the Motion is granted, denied, dismissed, or to be ruled on at a later date. In the Order, the trial court did not specifically decide or rule on the Motion. The record contains no other order in which the trial court specifically decided or ruled on the Motion. Therefore, the Motion was deemed overruled by operation of law under Rule 165a(3). *See* Tex. R. Civ. P. 165a(3); *Walker*, 597 S.W.3d at 915–916; *In re R.C.M.*, 2010 WL 1267759, at *3; *In re Montemayor*, 2 S.W.3d at 546.

May asserts that it is beyond dispute that the Order decided the Motion because the sentence fragment in the Order identifies the Motion being adjudicated. Though the Order mentions the Motion it does not state that the Motion is being adjudicated or what, if anything, the trial court is doing to the Motion. The incomplete sentence at the beginning of the Order does not specifically decide or rule on the Motion. May contends that if the trial court had reached no decision, it would not have signed the Order. Under the plain text of the Order, the trial court ordered May to pay $750 for his failure to appear at a pre-trial conference. Thus, the trial court did reach the decision to order May to make this payment, although the Order contains no specific written decision on the Motion.

May relies upon the Supreme Court of Texas's opinion in *Lone Star Cement v. J. Roll Fair, Dist. Judge*, in which the court interpreted an ambiguous order of non-suit by considering the language in the order as a whole as well as the trial court record, including the docket sheet and the conduct of the parties and trial court subsequent to the order. *See* 467 S.W.2d 402, 404–05 (Tex. 1971). The *Lone Star Cement* case did not involve a dismissal for want of prosecution or a motion for reinstatement under Rule 165a. *See id*. Though May asserts that this analysis applies in the Rule 165a context, the only case he cites for this proposition did not

involve a dismissal for want of prosecution or a motion for reinstatement under Rule 165a. *See Quanto Intern. Co., Inc. v. Lloyd*, 897 S.W.2d 482, 486 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding).[2] The parties have not cited and research has not revealed a Texas case applying the *Lone Star Cement* rules for interpreting judgments and orders to orders regarding motions to reinstate under Rule 165a. Without addressing whether these rules ever apply in the Rule 165a context, we conclude that these rules do not apply when a court is deciding whether a motion for reinstatement has been "decided by signed written order" under Rule 165a(3). *See* Tex. R. Civ. P. 165a(3); *Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989). The Supreme Court of Texas in the *Emerald Oaks* case held that the trial court's pronouncement in open court that the court was granting the motion to reinstate under Rule 165a and a docket sheet entry that the case had been reinstated did not satisfy Rule 165a(3)'s requirement that the motion for reinstatement be "decided by signed written order," and thus the motion was deemed overruled by operation of law. *See Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578. Because courts use the *Lone Star Cement* rules to interpret an order or judgment by considering and potentially giving effect to the entire trial court record, the docket sheet, and the conduct of the parties and trial court after the order was signed, these rules are not structured to answer the question of whether a motion to reinstate was "decided by signed written order." *See Lone Star Cement*, 467 S.W.2d at 404–05; *Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578. We conclude that the *Lone Star Cement* case is not on point in this context.

May also asserts that the Order should be interpreted as granting the Motion because:

---

[2] In his reply brief on appeal May concedes that the *Quanto* case did not involve a dismissal for want of prosecution or a motion for reinstatement under Rule 165a.

(1) As the trial court stated on April 3, 2023, the trial court intended to grant the Motion.

(2) After adding a sentence, the trial court signed the proposed order submitted by May's counsel.

(3) If the trial court wanted to deny the Motion, the court could have signed the proposed order submitted by the Nuno Parties.

(4) The trial court's docket sheet describes the Order as "Reinstatement on Court Order."[3]

(5) After signing the Order, the trial court reset the trial date in this case, indicating that the trial court thought that it had reinstated the case.

Presuming for the sake of argument that each action or failure to act listed above occurred, that conduct does not constitute a specific, written order deciding or ruling on the Motion. *See Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578 (concluding that the trial court's oral pronouncement that it was reinstating the case and a docket entry that the case had been reinstated did not mean that the motion to reinstate had been "decided by signed written order" under Rule 165a(3)); *Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 722–23, 725–26 (Tex. App.—Amarillo 2007, pet. denied) (rejecting argument that trial court's oral pronouncement of reinstatement on the record at the hearing on the motion to reinstate, a docket entry stating that the case had been reinstated, the plaintiff's submission of a proposed order granting the motion to reinstate, and the conduct of the trial court, its staff, and the parties treating the case as reinstated did not stop the motion to reinstate from being deemed overruled by operation of law under Rule 165a(3) because the motion was not decided by a written order); *Davis v. Smith*, 227 S.W.3d 299, 303–04 (Tex. App.—Houston [1st Dist.] 2007, no pet.)

---

[3] The trial court's docket sheet also describes the Order as "Order Approving Stipulation Signed," even though the order does not relate to a stipulation. Nonetheless, we presume for the sake of argument that the docket sheet only describes the Order as "Reinstatement on Court Order."

(concluding that a trial court's oral statement that the case would be reinstated does not constitute a written order deciding the motion to reinstate). Thus, the trial court's intent to grant the motion to reinstate, statements by the trial court in open court, docket entries, or conduct by the trial court, court staff, and the parties treating an order as if it decided a motion to reinstate do not constitute a specific, written order deciding the motion, which is necessary under Rule 165a(3). *See Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578; *Wallingford*, 253 S.W.3d at 722–23, 725–26; *Davis*, 227 S.W.3d at 303–04.

May also argues that under its plain language, Rule 165a(3) states that a motion to reinstate is deemed overruled by operation of law in the absence of a signed written order. May then asserts that the Motion was not deemed overruled by operation of law because the Order is a signed written order. May's argument misses the mark because under the plain language of Rule 165a(3) it is not the mere presence of a signed, written order that prevents the motion to reinstate from being deemed overruled by operation of law; instead, it is the presence of a signed written order in which the trial court decides the motion to reinstate. *See* Tex. R. Civ. P. 165a(3); *Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578; *Wallingford*, 253 S.W.3d at 722–23, 725–26. In addition, under binding precedent, the order in which the trial court decides the motion to reinstate must be specific, signed, and written. *See Walker*, 597 S.W.3d at 915–916; *In re R.C.M.*, 2010 WL 1267759, at *3; *In re Montemayor*, 2 S.W.3d at 546. Though the Order is signed and written, there is no language in the order that reasonably may be construed as specifically deciding or ruling on the Motion. Thus, any interpretation of the Order as deciding or ruling on the Motion would be based on something outside the Order that is not a specific, signed, and written order and thus would not avoid the motion being deemed overruled by operation of law under Rule 165a(3). *See* Tex.

10

R. Civ. P. 165a(3); *Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578; *Walker*, 597 S.W.3d at 915–916.

May notes that the cases cited by the Nuno Parties address situations in which no written order regarding the motion to reinstate has been signed at all, and these cases do not address an order like the Order in today's case that is a signed, written order mentioning the motion to reinstate. Though it is true that the Nuno Parties have not cited a case in which a court concludes that a motion to reinstate was deemed overruled by operation of law despite a signed written order mentioning the motion to reinstate but not stating any ruling on it, May does not cite a case in which a court concludes that a motion to reinstate was not deemed overruled by operation of law because of such an order. The parties have not cited and research has not revealed a case in which a court determines whether an order like the Order constitutes a specific, signed order under Rule 165a(3). Nonetheless, under the legal standard that we are bound to apply, the Order is not an order in which the trial court specifically decides or rules on the Motion, and the record does not contain any other such order. *See* Tex. R. Civ. P. 165a(3); *Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578; *Walker*, 597 S.W.3d at 915–916; *In re R.C.M.*, 2010 WL 1267759, at *3; *Wallingford*, 253 S.W.3d at 722–23, 725–26; *In re Montemayor*, 2 S.W.3d at 546. Therefore, the Motion was not "decided by signed written order," and the Motion was deemed overruled by operation of law under Rule 165a(3). *See* Tex. R. Civ. P. 165a(3); *Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578; *Walker*, 597 S.W.3d at 915–916.

**B. Did the trial court lose plenary power over its final judgment?**

May asserts on appeal that the trial court erred in treating the Order as void or as no order at all. The trial court did not conclude that the Order was void or not

an order, nor did the trial court treat the order as such. Instead the trial court concluded that it had lost plenary power to reinstate the case. The trial court impliedly concluded that in the Order, the Motion was not "decided by signed written order" and therefore the Motion was deemed overruled by operation of law under Rule 165a(3). *See* Tex. R. Civ. P. 165a(3); *In re Johnson*, No. 14-23-00633-CV, 2023 WL 8270966, at *2 (Tex. App.—Houston [14th Dist.] Nov. 30, 2023, orig. proceeding) (mem. op.); *In re Shoreline Partners, LLC*, No. 01-08-00013-CV, 2008 WL 520650, at *2 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, orig. proceeding) (mem. op.). But the conclusion that the Motion was not "decided by signed written order" does not mean that the Order was void or no order at all. The trial court still had plenary power on August 29, 2022, and the trial court had the power to order on its own motion that May pay $750. *See In re A.T.R.*, No. 05-16-00574-CV, 2017 WL 2889043, at *1–2 (Tex. App.—Dallas Jul. 7, 2017, no pet.) (mem. op.). Thus the Order is not void; it is an order that May pay $750. *See id*.

The order that May pay $750 modified the trial court's final judgment of August 8, 2022 to add this order. *See In re A.T.R.*, 2017 WL 2889043, at *1–2 (concluding that the trial court's sanctions order, issued while the court still had plenary power after signing a final judgment dismissing the case for want of prosecution, modified the trial court's final judgment) (mem. op.). This modified judgment restarted the timetables regarding plenary power and the time to perfect appeal. *See Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988); *In re G.H.D.*, No. 01-05-00228-CV, 2005 WL 2671031, at *4 (Tex. App.—Houston [1st Dist.] Oct. 20, 2005, no pet.) (mem. op.). The Motion, which had not been decided by written order or deemed overruled by operation of law, constituted a prematurely filed motion to reinstate as to the modified judgment of August 29, 2022. *See In re Bokeloh*, 21 S.W.3d 784, 788 (Tex. App.—Houston [14th Dist.] 2000, no pet.)

(concluding that a prematurely filed motion to reinstate extends the appellate timetables and the trial court's plenary jurisdiction). Thus, the Motion was deemed to be overruled by operation of law at the end of the day on November 14, 2022, and the trial court had plenary power to reinstate the case until the end of the day on December 14, 2022.[4] *See* Tex. R. Civ. P. 165a(3); *In re Johnson*, 2023 WL 8270966, at *2; *In re Shoreline Partners, LLC*, 2008 WL 520650, at *2.

## C. Does this court lack appellate jurisdiction?

In the Closing Order the trial court correctly concluded that it no longer had plenary power. Therefore, the Closing Order is not appealable. *See Texas Dep't of Public Safety v. Tran*, 672 S.W.3d 806, 812 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *Nealy v. Home Indem. Co.*, 770 S.W.2d 592, 593–95 (Tex. App.— Houston [14th Dist.] 1989, no writ). Though May has not sought to do so, even if he had tried to appeal from the trial court's modified final judgment of August 29, 2022, his appeal would have been untimely. *See* Tex. R. App. P. 26.1(a)(3); *In re Johnson*, 2023 WL 8270966, at *3. Therefore, we dismiss this appeal for lack of appellate jurisdiction.

### III. CONCLUSION

May is charged with knowing that a motion to reinstate will be deemed overruled if it is not decided by a specific, written order within seventy-five days after the trial court signed the judgment. *See* Tex. R. Civ. P. 165a(3); *Davis*, 227 S.W.3d at 304. Despite the trial court's apparent intent to grant the motion, the Order is not an order in which the trial court specifically decides or rules on the Motion, and the record does not contain any other such order. Therefore, the

---

[4] The last day of the seventy-five-day period was Saturday, November 12, 2022, so the period ran until the end of the day on Monday, November 14, 2022. *See* Tex. R. Civ. P. 4.

Motion was not "decided by signed written order," and the Motion was deemed overruled by operation of law under Rule 165a(3) at the end of the day on November 14, 2022, and the trial court had plenary power to reinstate the case until the end of the day on December 14, 2022. The Closing Order, from which May seeks to appeal, is not appealable. Therefore, we dismiss this case for lack of appellate jurisdiction.

Filing a proposed order granting a motion when the motion is filed may seem a mundane, simple, and unimportant task. Nonetheless, drafting a proposed order is an important task because the trial court unfortunately may sign the proposed order without close scrutiny of the language therein. Thus, submitting a proposed order gives the movant an opportunity to draft a proposed order in an acceptable form that contains accurate statements and that grants the requested relief. Parties also have the opportunity to promptly review orders signed by a trial court granting motions that they filed, to make sure the orders are in good form, accurate, and grant the relief requested in the motion.

/s/    Randy Wilson
        Justice

Panel consists of Justices Hassan, Poissant, and Wilson.